J-S30024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| SHAWN JACKSON | : | |
| Appellant | : | No. 2411 EDA 2022 |

Appeal from the PCRA Order Entered September 8, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004748-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| SHAWN JACKSON | : | |
| Appellant | : | No. 2412 EDA 2022 |

Appeal from the PCRA Order Entered September 8, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008647-2017

BEFORE:  BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, J.:                **FILED SEPTEMBER 8, 2023**

Shawn Jackson appeals from the orders,[1] entered in the Court of

Common Pleas of Philadelphia County, dismissing his petition filed pursuant

---

[1] Jackson has complied with the dictates of ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), by filing separate notices of appeal for each trial court docket number.  ***See id.*** (holding "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases").

to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

On September 25, 2018, Jackson pled guilty at CP-51-CR-0004748-2017 to rape,[2] involuntary deviate sexual intercourse (IDSI),[3] unlawful contact with a minor,[4] sexual exploitation of children,[5] involuntary servitude,[6] trafficking in minors,[7] and conspiracy to commit trafficking in minors.[8]  That same day, Jackson pled guilty at CP-51-CR-0008647-2017 to two counts of intimidation of a witness,[9] and one count each of conspiracy to commit intimidation of a witness[10] and terroristic threats.[11, 12]  The trial court deferred

_____

[2] 18 Pa.C.S.A. § 3121(a)(1).

[3] *Id.* at § 3123(a)(1).

[4] *Id.* at § 6318(a)(1).

[5] *Id.* at § 6320(a).

[6] *Id.* at § 3012(a).

[7] *Id.* at § 3011(b).

[8] *Id.* at § 903.

[9] *Id.* at §§ 4952(a)(2), (3).

[10] *Id.* at § 903.

[11] *Id.* at § 2706(a)(1).

[12] We previously summarized the facts of these cases in Jackson's direct appeal.  *See Commonwealth v. Jackson*, 239 A.3d 56 (Pa. Super. 2020) (Table).  Briefly, the victim had run away from her home, whereupon Jackson
*(Footnote Continued Next Page)*

sentencing and ordered the preparation of a pre-sentence investigation report (PSI).

On November 19, 2018, the trial court sentenced Jackson to 10 to 20 years' incarceration for rape, 5 to 10 years' incarceration for IDSI, 5 to 10 years' incarceration for unlawful contact with a minor, 2½ to 5 years' incarceration for sexual exploitation of children, 2½ to 5 years' incarceration for conspiracy to commit trafficking in minors, 2½ to 5 years' incarceration plus 10 years' probation for involuntary servitude, 2½ to 5 years' incarceration plus ten years' probation for trafficking in minors, 2½ to 5 years' incarceration for intimidating a witness, and 10 years' probation for conspiracy to intimidate a witness. Jackson's sentences for sexual exploitation of children, sexual exploitation, and trafficking in minors were imposed concurrently. The remaining offenses were all imposed consecutively, resulting in an aggregate sentence of 27½ to 55 years' incarceration, followed by 30 years' probation.

Jackson filed a timely post-sentence motion challenging the discretionary aspects of his sentence. The trial court denied Jackson's motion, and Jackson timely appealed. On July 8, 2020, this Court determined that Jackson had waived three of his challenges to the discretionary aspects of his sentence, but nevertheless affirmed his judgment of sentence and determined

---

and his co-defendants repeatedly raped and prostituted the victim through a website called Backpage in exchange for money. Eventually, the police arrested and charged Jackson. While Jackson was in pre-trial incarceration, he, through his sister, threatened the victim that he would "get [her] touched" if she testified and that he knew "what school you go to and I know where your mom live[s]." ***See id.***

that the trial court had properly balanced the statutory factors set forth in 42 Pa.C.S.A. § 9721(b).[13] ***See Jackson***, ***supra***.

On March 20, 2021, Jackson filed a *pro se* PCRA petition, his first. The PCRA court appointed counsel, who filed an amended PCRA petition on March 10, 2022. On July 21, 2022, the PCRA court issued notice of its intent to dismiss Jackson's PCRA petition pursuant to Pa.R.Crim.P. 907. Jackson did not file a response, and, on September 8, 2022, the PCRA court dismissed Jackson's petition.[14]

Jackson filed two timely notices of appeal, one at each docket, and filed a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Jackson now raises the following claims for our review:

> 1. Whether the PCRA court [] err[ed] in not granting relief on the issue that [prior] counsel was ineffective?

---

[13] In particular, this Court determined that Jackson had waived his challenges that the trial court failed to: consider the sentencing guideline recommendations, provide reasons for deviating from the sentencing guideline recommendations, and provide reasons for imposing consecutive sentences. ***See Jackson***, ***supra***.

[14] It appears that there are three entries for an "Order Dismissing PCRA Petition," at docket number 4748. Two of these orders were dated September 8, 2022, and the third was dated September 12, 2022. At docket 8647, there are four entries for an "Order Dismissing PCRA Petition." Two of the entries were dated September 8, 2022, and two were dated September 12, 2022. Nevertheless, these duplicative orders do not implicate the timeliness of Jackson's appeals. Jackson filed both notices of appeal on September 12, 2022, well within the 30-day time limit set forth in Pa.R.A.P. 903(a). Accordingly, we proceed with our review.

2. Whether appellate counsel was ineffective for failing to preserve the first three discretionary [] aspects [] of [] sentencing claims in the post-sentence motion?

Brief for Appellant, at 7.[15]

When reviewing the [dismissal] of a PCRA petition, our scope of review is limited by the parameters of the [PCRA]. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. Moreover, in general we may affirm the decision of the [PCRA] court if there is any basis on the record to support the trial court's action; this is so even if we rely on a different basis in our decision to affirm.

*Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa. Super. 2005)

(quotations and citations omitted).

Generally, counsel is presumed to be effective, and "the burden of demonstrating ineffectiveness rests on [the] appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010).

To satisfy this burden, an appellant must plead and prove by a preponderance of the evidence that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his [client's] interests; and, (3) but for counsel's ineffectiveness[,] there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

---

[15] Despite phrasing his issues as two issues, Jackson actually raises the same claim, and sub-issues, in both. Indeed, in his brief, Jackson's first claim is barely a page in length, contains only boilerplate citations regarding this Court's standard of review for ineffectiveness of counsel claims, and references appellate counsel's failure to preserve his discretionary aspect of sentencing claims. *See id.* at 13. Accordingly, we discern Jackson's issues to be identical and address them together.

- 5 -

*Commonwealth v. Holt*, 175 A.3d 1014, 1018 (Pa. Super. 2017) (internal citations omitted).

To prevail upon a claim that counsel was ineffective for failing to file a post-sentence motion, the appellant must satisfy the traditional requirements, described above. *See Commonwealth v. Liston*, 977 A.2d 1089, 1092 (Pa. 2009); *see also Commonwealth v. Reaves*, 923 A.2d 1119, 1132 (Pa. 2007) ("[T]he failure to file post-sentence motions does not fall within the limited ambit of situations where a defendant alleging ineffective of counsel need not prove prejudice to obtain relief.").

In his brief, Jackson contends that his appellate counsel failed to preserve the three challenges to the discretionary aspects of his sentence that this Court found waived on direct appeal. *See* Brief for Appellant, at 13-16. Jackson effectively raises three sub-issues, one for each challenge that appellate counsel purportedly failed to preserve in the post-sentence motion. Jackson argues that his trial counsel rendered ineffective assistance by failing to preserve the challenges that the trial court:  (1) failed to consider the sentencing guidelines; (2) failed to state reasons on the record for deviating from the guidelines; and (3) considered improper sentencing factors.[16]

---

[16] We note that Jackson's brief falls short of the appellate briefing requirements.  Jackson's entire argument section is four pages in length, and he addresses none of the prongs of the ineffective assistance of counsel test for any of his three sub-issues.  *See* Brief for Appellant, 13-16; *see also* Pa.R.A.P. 2119(a) (requiring "discussion and citation of authorities as are deemed pertinent"); *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa.
*(Footnote Continued Next Page)*

The PCRA court addressed Jackson's claims as follows:

[Jackson] claims that [appellate] counsel provided ineffective assistance when he failed to file a post-sentence motion claiming that this court did not consider the sentencing guidelines for each respective offense. [Jackson] contends that because this court only inquired into the sentencing guidelines for the lead charges for each docket[,] this court failed to take into consideration the guidelines for the remaining charges.

* * *

Here, the record belies [Jackson]'s claim that this court did not [consider] the guidelines [as] to all the charges. Although this court only requested counsel to provide guidelines on the lead charges of rape and witness intimidation, there is no indication that this court failed to take into consideration the guidelines on the remaining charges. In fact, this court was well aware of the sentencing guidelines for each charge and took into consideration said guidelines. This court had the benefit of [the PSI] and explicitly noted that it considered the [PSI]. *See* N.T. [Sentencing Hearing], 11/19/18, at 45.

Moreover, [Jackson]'s sentence itself supports the conclusion that this court properly applied the applicable ranges. The sentencing guidelines recommended a combined minimum sentence of 52 to 61 years of incarceration. This court imposed an aggregate sentence of 27½ to 55 years of incarceration. Despite [Jackson]'s egregious behavior, this court sentenced [Jackson] well below sentencing guideline[] recommendations for each of the charges with the exception of the lead charge of rape. The Superior Court concurred[,] finding that this court did not abuse its discretion in fashioning its sentence.

* * *

_____

2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); *id.* at 925 ("It is not the role of this Court to formulate [an a]ppellant's arguments for him."). Accordingly, we could again find these claims waived. Nevertheless, the PCRA court has aptly addressed these claims and they were preserved in the underlying PCRA petition.

[Next, Jackson] purports that this court failed to state sufficient reasons on the record for deviating from the sentencing guidelines. [Jackson] notes that his prior record score was 4 and the offense gravity score of rape was 12. Thus, the sentencing guidelines provided a standard range of 72 to 90 months' incarceration, plus or minus 12 months. This court sentenced [Jackson] to 10 to 20 years' incarceration on the charge of rape. In supporting its sentence, this court noted on the record the heinous criminal acts [Jackson] committed, the impact of the offenses on the victim, and the need to protect the public from such egregious behavior. The record clearly reflects this court's reasoning for deviating from the sentencing guidelines for the lead charge of rape.

\* \* \*

Contrary to [Jackson]'s assertions, this court sufficiently stated the reasons for its sentence, and found [Jackson] to be an extreme danger to the victim and the community. Along with the need to protect the public from [Jackson], this court's sentence reflects the heinous nature of the criminal acts of repeatedly raping a fourteen-year-old girl, prostituting her to fifteen men, and then threatening her and her mother if she appeared in court. Additionally, this court heard from the victim and took into [] account the impact [Jackson]'s acts had on her.

During [the] sentencing hearing, this court explained[]:

> I reviewed all the reports that were generated for this hearing. I have heard all the evidence presented, as well as the testimony. . . . And I do recognize the fact that you did enter into an open guilty plea because you wanted to spare her from testifying, and my sentence does reflect that. However, I am very troubled by the whole situation, unfortunately, that has brought us here. I think you're an absolute danger. And I think that what you did was horrendous. But I do appreciate the fact that you did accept responsibility. When I heard the facts of this case and I listened to her testify, I couldn't even imagine somebody putting cereal in a dog bowl and telling me to crawl so I can eat because I hadn't eaten in days after I had sex with multiple people against my will. . . . You are going to be in custody for a long time. I really hope that you keep

reflecting on your [part in] this and what you did and the pain its caused her now that she has to live with this trauma. And you see the effect that your actions caused. There's nothing funny about this. . . . I know you're not laughing now. But at one point you thought it was funny. And you need to make sure that [it] is never even in your realm of thought to ever do something like this again to anyone.

N.T. [Sentencing Hearing], 11/19/18, at 45-50.

Additionally, the sentence reflected [Jackson]'s criminal history and his lack of any remorse. [Jackson]'s criminal record includes four arrests as a juvenile, seven arrests as an adult, and six convictions as an adult (including the [instant cases]).

\* \* \*

[Next, Jackson] argues that the victim impact statement provided by Erin Coltrera, the child advocate social worker, . . . at the [sentencing] hearing was prejudicial to [Jackson]. . . . [In particular, Jackson challenges the following exchange from the sentencing hearing]:

> Coltrera: Even behind bars, [Jackson's] impact on [M.D.] was such that she couldn't feel safe. And [Jackson] made no effort to spare her any of that. **He waited until the last minute to take a plea just to avoid the jury hearing from her about what he did to her**.
>
> [Counsel]: Objection.
>
> [Trial] Court: Overruled.

[**Id.**] at 36 (emphasis added). Upon [] noting counsel's objection, this court reassured counsel that when it imposed its sentence, [Jackson] would "get the benefit of the plea." **Id.** at 40.

> [Counsel]: Judge, one thing for the record. I did place an objection, and I just want to place on the record the nature of my objection. And that is while I appreciate the advocacy . . . I don't think the [c]ourt can take into consideration, and I'm sure you won't . . . the fact that as she stated that [Jackson] waited until the last possible moment to enter a plea. I did not receive a plea bargain to take to him until

- 9 -

> within a week before trial. . . . [H]e was not playing games, waiting until the very last minute to traumatize the complaining witness[,] as they made it out to be.
>
> [Trial] Court: Okay. Thank you. He will get the benefit of the plea. Don't worry.

> *Id.* at 39-40. When this court sentenced [Jackson], it again [] stat[ed]: "I do recognize the fact that you did enter into an open guilty plea because you wanted to **spare her from testifying**, and my sentence does reflect that. *Id.* at 46 [(emphasis added)].

PCRA Court Opinion, 11/18/22, at 8-13 (footnotes omitted) (emphasis added).

Our review of the record confirms the PCRA court's determinations. Jackson's claims regarding the trial court's purported failures to consider the guidelines and place sufficient reasons on the record for deviating from those guidelines, are, in fact, belied by the record. *See id.* Indeed, the trial court expressly stated that it had the benefit of, and considered, Jackson's PSI. *See* N.T. Sentencing Hearing, 11/19/18, at 45; *id.* at 43, 45 (trial court referencing and quoting PSI); *see also Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citation omitted) ("[W]here the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."). Moreover, the majority of Jackson's sentences were either in the mitigated range or below the mitigated range,[17] and we discern no abuse of discretion on the part of the trial court for the

---

[17] *See* PCRA Court Opinion, 11/18/22, at 9 n.8 (PCRA court listing out Jackson's sentencing guidelines in comparison to sentence imposed).

- 10 -

alleged failure to recite every guideline recommendation on the record. *See Commonwealth v. Griffin*, 804 A.2d 1, 8-9 (Pa. Super. 2002) (noting this Court's preference that trial courts articulate applicable ranges, but where trial court provides extensive explanation for sentencing rationale there is "no basis to disturb [the sentence] solely on the grounds that the sentencing transcript lacks a recitation of the guideline ranges that apply"). Despite Jackson's assertions to the contrary, it is quite clear that Jackson was sentenced, in the aggregate, well below the sentencing guidelines recommendation. *See* PCRA Court Opinion, 11/18/22, at 8-13; *id.* at 9 n.8.

Furthermore, the record belies Jackson's claim that the trial court considered Coltrera's inappropriate comment. Despite Jackson's assertion, it is quite clear that the trial court repeatedly stated that it was considering Jackson's decision to accept the plea deal to **spare the victim from testifying**, and Jackson's decision to take responsibility by pleading guilty. *See* PCRA Court Opinion, 11/18/22, at 8-13; N.T. Sentencing Hearing, 11/19/18, at 36, 40, 45-50. These factors, coupled with the trial court's imposition of sentences below the sentencing recommendation guidelines, demonstrate that the trial court did not consider the alleged improper factor and did not abuse its discretion.

Based upon the foregoing, we discern no abuse of discretion on the part of the trial court in fashioning Jackson's sentences, and, therefore, Jackson has failed to prove that the underlying claims had arguable merit.

Accordingly, his ineffective assistance of counsel claim fails, and we affirm the PCRA court's order dismissing his PCRA petition. *Holt*, *supra*.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2023